IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL BAKER | : CIVIL ACTION |
| v. | : |
| DAVID DIGUGLIELMO, et al. | : No. 08-3155 |

## MEMORANDUM

LOWELL A. REED, JR., Sr. J.                                                    September 15, 2009

Before the court is a pro se motion to stay a petition for writ of habeas corpus filed by Michael Baker ("Petitioner"), (Doc. No. 20), and the response of the respondent thereto. (Doc. No. 23). Petitioner is currently incarcerated at the Somerset State Correctional Institution in Somerset, Pennsylvania. For the reasons that follow, the motion to stay will be denied.

**FACTS AND PROCEDURAL HISTORY**:

In 2001, Petitioner was convicted of robbery, attempted murder, aggravated assault, and carrying a firearm without a license. Petitioner was sentenced to 12 to 24 years of imprisonment on May 29, 2003. Thereafter, Petitioner perfected a direct appeal and collateral appeal. He filed a timely federal habeas petition on July 3, 2008, and on October 20, 2008, Respondents filed an answer. On November 4, 2008, Petitioner filed a reply to Respondents' answer. On April 13, 2009, Petitioner filed the instant motion to stay his habeas petition in order to file a "motion to correct illegal sentence nunc pro tunc" in state court. See Mot. to Correct Illegal Sentence (Doc. No. 19). In support

thereof, Petitioner argues that his attempted murder and robbery convictions should have merged for sentencing purposes because each crime arose from a single criminal episode and had the same essential statutory elements. See Mot. to Correct Illegal Sentence (Doc. No. 19), at 2. Respondents have filed an answer (Doc. No. 23),[1] asserting Petitioner's motion to stay should be denied as any claim asserted in Petitioner's "motion to correct illegal sentence" would be considered procedurally defaulted and is without merit.[2]

**DISCUSSION:**

Petitioner seeks a stay of his federal habeas petition in order to return to state court to exhaust the claim that he is imprisoned pursuant to an illegal sentence.[3] In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court approved a stay-and-abeyance procedure, under which a district court may stay a timely habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted

---

[1] Respondents have also filed a motion for extension of time to file a response to Petitioner's motion to stay (Doc. No. 22), which I will grant nunc pro tunc.

[2] As of the filing date of this Memorandum, September 15, 2009, Respondents have confirmed that Wright has not filed a "motion to correct illegal sentence" in state court.

[3] A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b). Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); see also Picard v. Connor, 404 U.S. 270 (1971). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

claims. Id. at 275. A stay-and-abeyance is available in limited circumstances when the following three-part test is met: (1) there is "good cause" for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. Id. at 277-78.

The Rhines Court established the stay-and-abey procedure in order to confront "the problem of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." Id. at 271; see Rose v. Lundy, 455 U.S. 509, 522 (1982) (a mixed habeas petition consists of both exhausted and unexhausted claims). Contrary to the situation presented in Rhines, Petitioner does not present the court with a mixed petition of exhausted and unexhausted claims. Instead, Petitioner's habeas petition presents four exhausted claims of ineffective assistance of counsel.[4] Petitioner requests a stay in order to present an unexhausted claim to the state courts which was not included in his original habeas petition.

The only way in which Petitioner can present an illegal sentence claim in federal court at this time is by filing a motion to amend his habeas petition. See Fed.R.Civ.P.

---

[4]Because Petitioner has not presented a "mixed" petition, it is arguable that the "stay and abey" mechanism set forth in Rhines does not apply. See, e.g., Prasad v. Sisto, 2009 WL 248115 (N.D. Cal. Feb. 2, 2009) (finding Rhines distinguishable when a petitioner filed a fully exhausted petition and asked for a stay while he returned to state court to exhaust a claim previously not raised on appeal). I assume that it does apply in the instant case in an abundance of caution.

15(a). To the extent Petitioner's motion to stay can be construed as a joint motion to amend, I find that a motion to amend must be denied.[5] The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions. See United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999), cert. denied, 528 U.S. 866 (1999) (citing Riley v. Taylor, 62 F.3d 86, 89 (3d Cir. 1995)). Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."[6] See Foman v. Petitioner, 371 U.S. 178, 182 (1962). Such leave should be denied only in limited circumstances, as for example, where amendment is sought in bad faith, where it would unduly prejudice the opposing party or where the amendment would be futile. As ground for denial of leave to amend, "futility" means that the petition, as amended, would fail to state claim upon which relief could be granted.

In the instant case, I do not find good reason to allow an amendment at this late date because such an amendment would be futile. Petitioner seeks a stay of his federal habeas petition in order to return to state court to exhaust a claim which has never been

---

[5]Respondents calculate that such an amendment would be untimely, see United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000) (a district court may, in its discretion, permit an amendment to provide factual clarification or amplification as long as the motion itself was timely filed and the movant does not seek to add an entirely new claim or theory of relief); Mayle v. Felix, 545 U.S. 644, 649, 655 (2005); however, Respondents reach this conclusion by failing to include the time for petitioning for a writ of certiorari to the United States Supreme Court on direct appeal. If one includes this time in the calculations, Petitioner's motion to amend would be considered timely.

[6]Rule 15(a) also provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. Id.; Fed.R.Civ.P. 15(a). Because this motion to amend has been received subsequent to receipt of the responsive pleading in this matter, I cannot grant Petitioner's motion to amend on this basis.

4

presented to the Pennsylvania courts. However, state law precludes review of this claim. Petitioner must present his illegal sentence claim to the state court by filing a second petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. See Szuchon v. Lehman, 273 F.3d 299, 324 n.14 (3d Cir. 2001). Any such petition would be time-barred by the PCRA's statute of limitations.[7] As a result, exhaustion of this claim would be futile and is excused. Lines v. Larkins, 208 F.3d 153, 162 (3d Cir. 2000) (exhaustion excused pursuant to 28 U.S.C. § 2254(b)(1) when a return to state court would be futile due to "an absence of available State corrective process").

---

[7] Pursuant to the amended PCRA, effective January 16, 1996, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1); see also, e.g., Lines, 208 F.3d at 164 n.17 (noting that the Pennsylvania Supreme Court has held that the time restrictions for seeking relief under the PCRA are jurisdictional) (citing Commonwealth v. Banks, 726 A.2d 374 (Pa. 1999)). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the Supreme Court of the United States, or at the expiration of time for seeking the review. 42 Pa. Cons. Stat. Ann. § 9545(b)(3). Petitioner's conviction became final in 2005. Although there are three (3) exceptions to the PCRA's statute of limitations, 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i), (ii), and (iii), Petitioner fails to allege any of the limited circumstances upon which an exception would be granted. To the extent that Petitioner would allege that § 9545(b)(1)(ii) applies to his case because "the facts upon which the claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence," I conclude that such an assertion would be baseless. Petitioner has been less than diligent in attempting to assert his illegal sentence claim, as evidenced by the fact that he claims to have "discovered" the issue almost six months after receiving Respondents' answer and after five years of appeals. I note that for the PCRA exception to apply, Petitioner is required to have filed a petition in state court "within 60 days of the date the claim could have been presented." 42 Pa. Cons. Stat. Ann. § 9545(b)(2). Petitioner did not do so. Moreover, there is nothing in his claim which could be construed as "new evidence." Indeed, the information in his claim has been a part of his record from the time of his sentencing. Consequently, this exception would not apply.

5

Even though exhaustion is excused, Petitioner is considered to have procedurally defaulted his claim because state procedural rules bar him from seeking further relief in state courts. Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001). A federal court may not consider the merits of such claims unless the petitioner establishes "cause and prejudice" to excuse his default. Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The Supreme Court has delineated what constitutes "cause" for the procedural default: the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Werts, 228 F.3d at 192-93 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). With regard to the prejudice requirement, the habeas petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. at 193 (citing Carrier, 477 U.S. at 494). This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. Id.

In the alternative, if the petitioner fails to demonstrate cause and prejudice for the default, the federal court may also consider a defaulted claim if the petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 748. In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually

6

innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Carrier, 477 U.S. at 496); see Glass v. Vaughn, 65 F.3d 13, 16-17 (3d Cir. 1995), cert. denied, 516 U.S. 1151 (1996) (assuming that the Schlup miscarriage of justice/actual innocence standard applied to a noncapital petitioner arguing eligibility for lesser degree of guilt). To satisfy the "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327; see also Glass, 65 F.3d at 16.

Petitioner has not presented this court with an valid explanation for his failure to properly present this claim to the state courts.[8] As a result, he has not shown cause to excuse his procedural default.[9] Carrier, 477 U.S. at 488. Moreover, because Petitioner makes no colorable showing of innocence, he has failed to demonstrate that a miscarriage

---

[8]To the extent that Petitioner would argue that his default is due to counsel's failure to present this claim on direct appeal, such a claim must fail. A claim of ineffective assistance of counsel constitutes "cause" for procedural default only if the claim was presented to the state courts independently prior to its use to establish cause. Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (citing Carrier, 477 U.S. at 488-89). In the instant case, the state court never entertained the claim that counsel was ineffective for failing to present this claim on direct appeal. Consequently, because a claim of ineffective assistance of appellate counsel was not presented to the state courts, it cannot constitute "cause" for his default. Moreover, the Supreme Court has determined that any attorney error that has led to the default of a petitioner's claims in a collateral or discretionary proceeding in state court cannot constitute cause to excuse his default in a federal habeas petition. See Coleman, 501 U.S. at 757 (any attorney error that led to the default of petitioner's claims in a collateral or discretionary proceeding in state court cannot constitute cause to excuse his default in federal habeas petition); see also Pennsylvania v. Finley, 481 U.S. 551, 558 (1987) (Constitution does not dictate standard for attorney effectiveness in post-conviction collateral attack).

[9]Because no cause has been demonstrated, the court need not address the prejudice requirement. Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982) (because petitioner lacked cause for default, the court need not consider whether he also suffered actual prejudice).

7

of justice would result if his claim was not reviewed. Coleman, 501 U.S. at 748; Schlup, 513 U.S. at 327 (citing Carrier, 477 U.S. at 496); see Glass, 65 F.3d at 16-17. Consequently, federal review of this claim would be foreclosed and amending Petitioner's habeas petition to include this claim would be futile.

In any event, I also conclude, for the reasons previously outlined, that Petitioner has failed to establish the necessary "good cause" under Rhines for his failure to present his illegal sentence claim to the Pennsylvania courts. Petitioner contends that he only became aware of this claim after reading Respondents' Answer to his habeas petition which enumerates the "subsections" for which he was convicted. Although Petitioner argues that he "knew the charges" against him, he claims that he was unaware of the specific statutory provisions under which he was charged. I find this argument unavailing. Petitioner completed two rounds of appeal in the state court over the course of five (5) years. It is difficult to believe that since his sentencing in 2003, he has been unaware of the specifics of the charges against him and that he was unable to present a claim related thereto to the state courts. Furthermore, Petitioner presents no evidence that he was prevented in some extraordinary way from doing so. In addition, Petitioner waited almost six (6) months after receiving Respondents' Answer before filing the instant motion to stay. Therefore, as Petitioner has not been diligent and does not have "good cause" for his failure to present his claim to the state courts, this court denies his motion for a stay. See Rhines, supra.

8