IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL BAKER : CIVIL ACTION

v.

DAVID DIGUGLIELMO, et al. : No. 08-3155

## MEMORANDUM

J. WILLIAM DITTER, JR., Sr. J.                July 7, 2011

Presently before this court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Michael Baker ("Baker" or "Petitioner"), an individual currently incarcerated in the Somerset State Correctional Institution in Somerset, Pennsylvania. For the reasons that follow, the petition will be denied.

### FACTS AND PROCEDURAL HISTORY:

Petitioner's petition for writ of habeas corpus relates to these facts, as outlined by the state court:

> On March 14, 2002, at approximately 12:30 am, Baker, a resident of Newark, Delaware, called Shawn Clark and expressed his desire to buy two ounces of cocaine. Clark, an acquaintance of Baker for eight years, advised Baker that he could only sell him one ounce of cocaine for $700. Clark agreed and arranged to meet with Baker at a WaWa convenience store in Upper Darby. Baker, along with two companions, Darrell Brown and John Bracey, drove to WaWa and waited for Clark. At approximately 3:30 am, Clark pulled into the parking lot of the WaWa. Baker left his vehicle, entered Clark's vehicle, and instructed him to pull around to the back of the WaWa.

> In a secluded area behind the WaWa, Clark gave Baker an ounce of cocaine. In response, Baker pulled a gun out of his jacket pocket, told Clark it was "his day to die," and from a distance of one to two feet away, shot him in the face. Baker then searched Clark's pockets and took $500 from his person. Remarkably, Clark was still alive and walked into WaWa to get help. Shortly thereafter, an ambulance arrived and took Clark to Crozer Chester Medical Center where he

underwent a series of emergency and reconstructive surgeries. The next day, Clark identified Baker as the person who shot him.

Commonwealth v. Baker, 932 A.2d 248; No. 1349 EDA 2006, slip op. at 1-2 (Pa. Super. July 16, 2007).

On December 4, 2001, after a trial before the Honorable Joseph P. Cronin, Jr., Court of Common Pleas of Delaware County, the jury found Petitioner guilty of robbery, attempted murder, aggravated assault, and carrying a firearm without a license. On May 29, 2003, Judge Cronin sentenced Petitioner to an aggregate term of twelve (12) to twenty-four (24) years of imprisonment.

Petitioner filed a direct appeal arguing:

1. the trial court erred by admitting graphic photographs of the victim's body and a trail of blood on the sidewalk into evidence;

2. the trial court erred by failing to give a special jury instruction or declare a mistrial when the Commonwealth argued in its opening statement "crimes affect us all;"

3. the trial court erred when it allowed testimony regarding "shots fired" in the state of Delaware, over defense objection, and gave mistaken cautionary instructions to the jury regarding the truth of this testimony;

4. the trial court erred by permitting hearsay testimony that James Montee gave Detective Beese Petitioner's name;

5. the trial court erred by refusing Petitioner's request for cautionary "identification instructions" exactly pursuant to the standard jury instructions; and

6. the trial court erred by refusing to strike the testimony of Trooper Hoy, who gave his opinion as an expert without testifying that his opinion was to a "reasonable degree of scientific certainty."

The Pennsylvania Superior Court affirmed the judgment of sentence on December 9, 2004. Commonwealth v. Baker, 869 A.2d 3; No. 2875 EDA 2003 (Pa. Super. Sept. 13, 2004) (unpublished memorandum), attached to Respondents' Answer as App. "F." The Pennsylvania

2

Supreme Court denied Petitioner's petition for allowance of appeal on August 23, 2005. Commonwealth v. Baker, 881 A.2d 818; No. 34 MAL (Pa. 2005).

On November 9, 2005, Petitioner filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541, et seq. Counsel was appointed to represent Petitioner, and he subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that he had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court. On December 7, 2006, the PCRA court dismissed Petitioner's PCRA petition. Petitioner appealed the denial of PCRA relief to the Superior Court, arguing:

1. The PCRA court erred in accepting conflict counsel's defective "no-merit" letter;

2. The PCRA Court erred in failing to conduct an evidentiary hearing on the issues raised in the pro se PCRA petition and the issues addressed in Petitioner's objection and response to the notice of intention to dismiss;

3. Petitioner was denied his right to effective assistance of counsel when:

    A. Appellate counsel failed to preserve the issue of the weight of the evidence claim on direct appeal;

    B. Trial counsel failed to object to prosecutorial misconduct during opening statements;

    C. Trial counsel failed to request a continuance to provide sufficient time in order for defendant to review the surveillance videotape in its entirety, which was provided only moments prior to commencement of jury voir dire;

    D. Trial counsel failed to request a jury instruction on the alibi defense;

    E. Trial counsel failed to investigate, interview and present witnesses;

    F. Trial counsel failed to conduct cross-examination of a Commonwealth witness, Darrell Brown.

The Superior Court affirmed the PCRA court's ruling on July 16, 2007. Commonwealth v. Baker, 932 A.2d 248; No. 1349 EDA 2006 (Pa. Super. July 16, 2007); attached to Respondents' Answer as App. "N." The Pennsylvania Supreme Court denied allocator on April 16, 2008. Commonwealth v. Baker, 946 A.2d 683; No. 716 MAL (Pa. 2008).

Petitioner filed this timely petition for a federal writ of habeas corpus on June 25, 2008,[1] asserting the following claims:[2]

1. ineffective assistance of trial counsel due to trial counsel's failure to object to prosecutorial misconduct during opening statements;

2. ineffective assistance of trial counsel due to trial counsel's failure to request a continuance to provide sufficient time to review surveillance video which was provided moments prior to commencement of jury voir dire;

3. ineffective assistance of trial counsel due to trial counsel's failure to investigate, interview and present witnesses; and

4. ineffective assistance of trial counsel due to trial counsel's failure to cross-examine Commonwealth witness Darrell Brown.

Respondents have filed an answer to Petitioner's petition asserting that Petitioner's claims are without merit.

## DISCUSSION

### I. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death

---

[1] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Petitioner signed his original habeas petition on June 25, 2008; therefore, I will assume that he presented his petition to prison authorities on that date.

[2] Petitioner filed a motion to stay his petition for writ of habeas corpus which was denied on September 15, 2009.

4

Penalty Act ("AEDPA"), a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

## II. Petitioner's Claims

### A. Claim One: Ineffective assistance of trial counsel due to trial counsel's failure to object to prosecutorial misconduct during opening statements

Petitioner first claims that trial counsel rendered ineffective assistance by failing to object to prosecutorial misconduct during opening statements. Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the United States Supreme Court set forth the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

5

Id. at 687. Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In determining prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed." Id. "It is past question that the rule set forth in Strickland qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 391 (2000). Thus, Petitioner is entitled to relief if the Pennsylvania courts' rejection of his claims was either "contrary to, or involved an unreasonable application of," that established law.

Petitioner asserts that trial counsel was ineffective for failing to object when the Commonwealth stated "[t]he first theme I ask you to consider is the idea that crimes affect us all. Crimes affect us regardless of who we are and what we do." In evaluating whether the remarks of the prosecutor rise to the level of a constitutional violation, the Supreme Court has held that prosecutorial misconduct is insufficient to overturn a conviction unless it so infects the trial with unfairness as to make the resulting conviction a denial of due process. See Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Reid v. Beard, 2011 WL 1097609, at *3 (3d Cir. 2011). It is not enough to show that a prosecutor's remarks were inappropriate or even deserving

6

of universal condemnation. See Darden v. Wainwright, 477 U.S. 168, 181 (1986).

In reviewing this claim the state court noted:

> We conclude that the prosecutorial statements that Baker challenges did not have the unavoidable effect of prejudicing the jury, forming in their minds a fixed bias and hostility toward him. Rather, the prosecutor's statement regarding the "theme" that "crimes affect us all" was made so that the jury would not disregard the severity of the crime simply because Clark, the victim, was a drug dealer. Moreover, the prosecutor's statement requesting a jury verdict of guilty is basic, fundamental oratorical flair that was well within the latitude the prosecutor is entitled during opening statements.

Commonwealth v. Baker, No. 1349 EDA 2006, slip op. at 13. Petitioner asserts that the prosecutor attempted to "personalize this case and remove it from the realm of objective consideration, and further to create hostility toward [Petitioner] who not only may have committed a crime in general, but also stooped low enough to commit a crime against another criminal who was a drug dealer." See Pet'r's Mem. of Law at 7.

I find that, when viewed in the proper context, the state court correctly determined that the prosecutor's statement did not infect the trial with unfairness and therefore violate Petitioner's due process rights. As the state court indicated, the prosecutor's statement was intended to remind the jury that the severity of the crime should not be minimized because the victim is a drug dealer. Therefore, trial counsel cannot be deemed ineffective for failing to object to the prosecutor's opening statements. See Strickland, 466 U.S. at 687-689. Accordingly, I conclude that the state court's determination of this issue was neither contrary to, nor an unreasonable application of Strickland. See 28 U.S.C. § 2254(d).

7

**B. Claim Two: Ineffective assistance of trial counsel due to trial counsel's failure to request a continuance to provide sufficient time to review surveillance video which was provided moments prior to commencement of jury voir dire**

Petitioner next claims that trial counsel rendered ineffective assistance by failing to request a continuance to provide sufficient time to review a portion of a surveillance video which was provided moments prior to commencement of jury voir dire. Petitioner asserts that this portion of the surveillance tape, which was not shown at trial, should have been used by trial counsel to prepare for trial for "credibility tactics and to point out inconsistencies." See Pet'r's Mem. of Law at 8-9.

In reviewing this claim the state court found:

> [W]e conclude that Baker has failed to establish the prejudice prong of the ineffective assistance of counsel test. Baker merely speculates that additional review of the videotape would have changed the outcome of the proceedings on the ground that it might be used for "credibility tactics" and could possibly help him find the actual perpetrator. This conjecture, standing alone, does not demonstrate that Baker suffered prejudice as a result of his trial counsel's failure to request a continuance.

Commonwealth v. Baker, No. 1349 EDA 2006, slip op. at 14 (citations omitted).

I find that the state court correctly concluded that Petitioner was not prejudiced by counsel's failure to request a continuance to review a portion of the surveillance video. As the state court indicated, Petitioner's speculation as to potential uses of the video does not satisfy the prejudice prong under Strickland, 466 U.S. at 687-689. Accordingly, I conclude that the state court's determination of this issue was neither contrary to, nor an unreasonable application of Strickland. See 28 U.S.C. § 2254(d).

8

C.  **Claim Three: Ineffective assistance of trial counsel due to trial counsel's failure to investigate, interview and present witnesses**

Petitioner next claims ineffective assistance of trial counsel due to trial counsel's failure to investigate, interview and present witnesses. Specifically, Petitioner objects to counsel's failure to present witnesses Joseph Bannon, Jr., Suzanne Boyle, and Kathy Holley, all of whom were employees of the WaWa where the crime occurred. See Petitioner's Memorandum of Law at 9.

Under Pennsylvania law, in order to prevail on a claim that trial counsel was ineffective for failing to present a witness, Petitioner must show that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should have known of the witness' existence; (4) the witness was willing and able to cooperate and would have appeared on defendant's behalf; and (5) the testimony was necessary in order to avoid prejudice. Commonwealth v. Brown, 767 A2d 576, 581-582 (Pa Super 2001). A petitioner who alleges that counsel was ineffective due to strategic errors, such as failure to present witnesses, must show that the attorney's performance was lacking and that this deficient performance resulted in prejudice. Hess v. Mazurkiewicz, 135 F.3d 905, 907-908 (3d Cir. 1998) (citing Strickland at 687).

In addressing this claim the state court applied this standard and found:

> The record indicates that trial counsel's paid investigator and PCRA counsel attempted to contact these potential witnesses but were unable to do so. . . Baker has not provided a signed certification from any of his alleged witnesses.

Commonwealth v. Baker, No. 1349 EDA 2006, slip op. at 15-16.

I conclude that the state court correctly determined that Petitioner was not prejudiced by

9

counsel's failure to present these three witnesses. Petitioner failed to establish that these potential witnesses would have testified on his behalf and that the absence of their testimony denied him a fair trial. Therefore, counsel's failure to present these witnesses did not prejudice Petitioner. See Hess, 135 F.3d at 908. Accordingly, I conclude that the state court's determination of this issue was neither contrary to, nor an unreasonable application of Strickland. See 28 U.S.C. § 2254(d).

### D. Claim Four: Ineffective assistance of trial counsel due to trial counsel's failure to cross-examine Commonwealth witness Darrell Brown

Petitioner's final claim is that trial counsel provided ineffective assistance due to his failure to cross-examine Commonwealth witness Darrell Brown. Specifically, Petitioner asserts that the witness should have been impeached through cross-examination due to the fact that the witness stated that he was unfamiliar with Baltimore Pike in Pennsylvania but also said that he was present at the WaWa where the crime was committed. Petitioner also asserts that the witness incorrectly stated that he got into the car with Petitioner at 11:30 pm and drove forty-five minutes to an hour to the WaWa. See Pet'r's Resp. to Resp't's Answer at 5.

The state court concluded that Petitioner failed to show how he was prejudiced by counsel's actions:

> The record indicates that Brown was from Newark, Delaware and was in the car along with Baker and Bracey to go pick up a mutual acquaintance, "Spreewell." After Baker received a phone call from Clark, the group instead headed toward the WaWa. Brown positively and unequivocally made an in-court identification of Baker and testified that he was in the car with Baker on their trip to the WaWa, heard Baker say that they were going to Upper Darby to purchase cocaine from a friend, saw Baker leave his vehicle and go into another, unidentifiable vehicle, and saw Baker return from behind the WaWa with cocaine. While trial counsel did not cross-examine Brown on his ability to identify Baker, he did bring to the

10

> jury's attention during closing arguments the fact that Brown only knew
> Baker as "Bake" at the time of the crime. Moreover, trial counsel, during
> closing arguments, questioned the veracity and potential bias of Brown's
> testimony and highlighted the fact that he was previously convicted of
> theft, a crime of dishonesty. Given these circumstances, we cannot
> conclude that the outcome of the proceeding would have been different
> had trial counsel cross-examined Brown and raised credibility issues that
> were inherently raised from his testimony on direct examination and
> specifically addressed by trial counsel during closing arguments. Since
> Baker provides us with no other apparent reason or basis to challenge
> Brown's ability to identify him or credibility in general, and in light of the
> overwhelming evidence of Baker's guilt, we conclude that he has failed to
> establish prejudice as a result of his counsel's failure to cross-examine
> Brown.

Commonwealth v. Baker, 932 A.2d 248; No. 1349 EDA 2006, slip op. at 17-18 (citations omitted).

The state court found that, in light of the evidence presented at trial, Petitioner could not establish prejudice for counsel's failure to cross-examine Darrell Brown. Petitioner does not offer any legitimate reason to challenge Brown's credibility or his identification of Petitioner. In light of Brown's identification of Petitioner and the strength of his trial testimony, the state court's application of Strickland was appropriate. Accordingly, I conclude that the state court's determination of this issue was neither contrary to, nor an unreasonable application of Strickland. See 28 U.S.C. § 2254(d).

### III. CONCLUSION:

After close and objective review of the arguments and evidence, I conclude that Petitioner's petition for writ of habeas corpus is meritless. The state courts' conclusions that counsel did not render ineffective assistance was not an objectively unreasonable application of United States Supreme Court precedent. As a result, Petitioner's petition will be denied.

11

Similarly, because Petitioner's claims are both legally and factually meritless, there is no need to conduct an evidentiary hearing nor is there a need to appoint counsel, as neither would change the outcome of this matter. See 28 U.S.C. § 2254(e)(2), 18 U.S.C. § 3006A; see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("an evidentiary hearing is not required on issues that can be resolved by reference to the state court record") (citations omitted); see also Campbell v. Vaughn, 209 F.3d 280, 221 (3d Cir. 2000).

An appropriate order follows.